IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HERSHEKO MAU DEETTA BERRY**                                      **PLAINTIFF**

V.                         No. 4:22-CV-00744-JM-ERE

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### I.     Background

On August 18, 2020, Mr. Hersheko Berry protectively filed an application for benefits due to Type 2 Diabetes, left leg and foot neuropathy, left toe wound, hypertension, rheumatoid arthritis in the lungs, and vision trouble. *Tr. 14, 233.*

Mr. Berry's claims were denied initially and upon reconsideration. At Mr. Berry's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on May 24, 2021, where Mr. Berry appeared with his lawyer, and the ALJ heard

1

testimony from Mr. Berry and a vocational expert ("VE"). *Tr. 28-49*. The ALJ issued a decision on September 15, 2021, finding that Mr. Berry was not disabled. *Tr. 11-27*. The Appeals Council denied Mr. Berry's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-7*.

Mr. Berry, who was forty-three years old at the time of the hearing, has a tenth-grade education and has past relevant work experience as a hand packager, machine operator, stores laborer, and landscape laborer. *Tr. 31-32, 46-47*.

## II. The ALJ's Decision[1]

The ALJ found that Mr. Berry had not engaged in substantial gainful activity since July 15, 2020, the alleged onset date. *Tr. 16*. He concluded that Mr. Berry had the following severe impairments: diabetes and obesity. *Id*. However, the ALJ found that Mr. Berry did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17*.

According to the ALJ, Mr. Berry had the residual functional capacity ("RFC") to perform sedentary work. *Tr. 17-18*.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

In response to hypothetical questions incorporating the above limitation, the VE testified that a significant number of potential jobs were available in the national economy that Mr. Berry could perform, including document preparer and cutter/paster. *Tr. 34, 66-67.* Accordingly, the ALJ determined that Mr. Berry was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B.  **Mr. Berry's Arguments for Reversal**

Mr. Berry contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred by improperly evaluating Mr. Berry's lower extremity edema and other impairments at Step Two, resulting in an RFC exceeding his ability. *Doc. 10 at 3*.

C.  **Analysis**

Mr. Berry contends that the ALJ erred when he "erroneously discounted . . . [Mr. Berry's] congestive heart failure, hypertension, rheumatoid arthritis, neuropathy, and resulting bilateral lower extremity edema or swelling." *Id. at 4*. Defendant asserts that Mr. Berry "cannot show that his leg edema is a [medically determinable impairment ("MDI")], let alone that it qualifies as a severe impairment. Instead, edema is a *sign or symptom* of an impairment." *Doc. 12 at 6*.

Defendant may be right that edema, neuropathy, and swelling are signs or symptoms of an impairment. However, in a similar situation, the Eighth Circuit reversed and remanded when "despite objective and subjective evidence" of edema, it was not considered by the ALJ. *Smith v. Comm'r, Soc. Sec. Admin.*, 738 F. App'x 889, 891 (8th Cir. 2018). There, the court noted that although "doctors did not document edema on every visit, the record is replete with clinical findings that during the period in question [the claimant] regularly suffered from lower

extremity edema. The ALJ erred when he made no effort to investigate [the claimant's] edema." *Id. at 892.*

The ALJ's decision mentions edema once,[2] swelling[3] and numbness[4] twice, and neuropathy three times.[5] Each of these conditions, individually or combined, could potentially limit Mr. Berry's ability to work and may, based on a severity determination, result in a more restricted RFC. Yet, the assessment regarding the severity of these potential lower extremity impairments is: "[W]hile he does have some signs of peripheral neuropathy, it does not appear to be severely limiting." *Tr. 20.* The records the ALJ cites specifically mention lower extremity issues. *Tr. 651 (positive for edema), 669 (leg swelling).* Furthermore, there appears to be a contradiction in the opinion. The ALJ notes that swelling is "still an issue but stable now" but there is "no evidence that these impairments resulted in lasting sequelae." *Tr. 17.* If swelling is still an issue, then there arguably is evidence of lasting sequelae.

Defendant also asserts that the "medical records tie [Mr. Berry's] edema to his heart conditions" which is controlled. *Doc. 12 at 7.* However, the record, and even the ALJ's opinion the one time it mentioned edema, linked Mr. Berry's

---

[2] "[O]n December 29, 2020, . . . he had no edema . . . . Notably, his diabetes was assessed as improved control (Ex. 16F, pg. 5)." Tr. 19.
[3] Tr. 17-18.
[4] Tr. 19.
[5] "He was assessed with neuropathy and uncontrolled diabetes." Tr. 19-20.

5

potential lower extremity impairment with "out of control diabetes." *Tr. 18, 420, 636, 669*. Furthermore, when asked at the hearing about the cause of the swelling, Mr. Berry testified that "the jury is still out on that one." *Tr. 45*.

Despite Mr. Berry's testimony and the supportive medical record, the ALJ's opinion makes only passing references to Mr. Berry's potential lower extremity impairments, because he determined that Mr. Berry's congestive heart failure and rheumatoid arthritis were non-severe and attributed the swelling and edema to those impairments. Mr. Berry presented sufficient evidence to support a finding that his potential lower extremity impairments constituted, at the very least, medically determinable impairments ("MDIs"). However, the ALJ failed to adequately address the medical evidence related to Mr. Berry's potential lower extremity impairments, their effect on his ability to work, or their significance in this case.

The ALJ's misunderstanding of the effects of Mr. Berry's potential lower extremity impairments ultimately tainted the RFC determination. Nothing in the RFC accounts for the numerous references to swelling and Mr. Berry needing to lift his legs to reduce swelling. The RFC accounts for the neuropathy, but not the edema, which is supported by the medical records and Mr. Berry's testimony. Furthermore, nothing in the record contradicts Mr. Berry's statements about needing to elevate his legs.

The ALJ bears the primary responsibility for assessing a claimant's RFC or residual functional capacity – that is, the most he can do despite the combined effects of all credible limitations, based on all credible evidence in the record. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). Here, the ALJ failed to reconcile his finding of unrestricted sedentary work with Mr. Berry's medically supported lower extremity impairments.

Because the ALJ provided only a nominal discussion of swelling and edema, the ALJ did not consider whether a more limited RFC might be required – such as getting up every so often or avoiding scaffolds, ramps, and ladders. This is reversible error.

### IV. Conclusion

For the reasons stated above, the ALJ's error at Step Two tainted the entire opinion. Accordingly, the ALJ's decision is not supported by substantial evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED, and the case be REMANDED for further review.

Dated 4th May 2023.

_____
UNITED STATES MAGISTRATE JUDGE